IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME MURRAY  \*
\*
v.  \*  Civil Case No. JFM-16-2465
\*
COMMISSIONER, SOCIAL SECURITY  \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' dispositive cross-motions. [ECF Nos. 12, 13]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

On June 27, 2012, Mr. Murray protectively filed an application for Disability Insurance Benefits. (Tr. 306-14). His application was denied initially and on reconsideration. (Tr. 146-56, 160-66). An Administrative Law Judge ("ALJ") held a hearing on January 22, 2015, at which Mr. Murray was represented by counsel. (Tr. 69-91). Following the hearing, the ALJ determined that Mr. Murray was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 48-67). The Appeals Council denied Mr. Murray's request

for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Murray suffered from the severe impairments of "knee arthritis, degenerative disc disease, obesity, *pes planus* and heel spur, asthma, and torn rotator cuff." (Tr. 53). Despite these impairments, the ALJ determined that Mr. Murray retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the ability for routine tasks doing light work that is semi-skilled with a sit/stand option at the work location in which the claimant is allowed to alternate every two hours as needed as required with normal breaks. The requirement for a hand-held assistive device, namely a cane, for standing, walking and balancing, which is constantly used and needed to get to and from the work location. The claimant must avoid heights, no pushing, no pulling, and no kneeling. The claimant can stoop, but rarely. No limitations on communication or vision. Reaching, fingering, handling and feeling with the dominant upper extremity are limited to frequently. The claimant can occasionally be exposed to dust, gasses and pulmonary irritants. There are no mental limitations. The claimant can constantly interact with supervisors, co-workers and the general public.

(Tr. 54). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Murray could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 59-61).

Mr. Murray disagrees. He argues (1) that the ALJ erred in evaluating and assigning weight to the opinions of the treating and non-treating medical sources; (2) that the ALJ erred in evaluating his credibility; and (3) that the Appeals Counsel failed to properly consider new and material medical evidence proffered by an examining physician, Dr. Bruno. I agree that the ALJ erred in evaluating the medical source opinions, and I therefore recommend remand. Also, on remand, I recommend that the ALJ appropriately assess Dr. Bruno's opinions. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Murray is not entitled to benefits is correct or incorrect.

Beginning with the unsuccessful argument, there is no inherent error in the ALJ's evaluation of Mr. Murray's credibility. The ALJ included some boilerplate credibility language, but he did not rely exclusively on that language. Instead, he cited to specific inconsistencies between Mr. Murray's testimony and his treatment records, inconsistencies between the medical treatment records and the allegations in Mr. Murray's Worker's Compensation claim, and statements made by examining physicians suggesting that Mr. Murray may have been attempting to manipulate the record to increase the severity of his symptoms. (Tr. 55-56). Although Mr. Murray disagrees with that evaluation and cites to some contrary evidence, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In light of the evidence cited by the ALJ to support his credibility analysis, remand is unwarranted on that basis.

However, Mr. Murray fares better in his argument about the evaluation of the medical source opinions. Three separate opinions drafted by two different treating physicians stated that Mr. Murray could sit, stand, and walk for a combined total of four hours or fewer in an eight hour workday. *See* (Tr. 614) (Dr. Carr); (Tr. 625) (Dr. Woodard); (Tr. 679) (Dr. Carr). In assessing those three opinions, the ALJ assigned "little weight" for the sole reason that, "The claimant himself does not allege he is bedbound for half the day or longer." (Tr. 58). That explanation, standing alone, does not constitute substantial evidence to support the ALJ's conclusion. A claimant would not need to be bedbound to justify significant restrictions in his ability to sit, stand, or walk in a workplace setting. Although the Commissioner contends that the sit/stand option adequately addresses Mr. Murray's difficulty with sustaining a position for prolonged periods, even the sit/stand option in this case requires Mr. Murray to remain in a

3

single position for two hours at a time.  *See* (Tr. 54) ("the claimant is allowed to alternate every two hours as needed").  Each two hour window equals or exceeds the *total* amount of time that two treating physicians believed Mr. Murray could stand or sit during an eight hour workday.  Without further explanation, I am unable to evaluate how the ALJ reached his conclusion about Mr. Murray's ability to sit, stand, or walk for two hour blocks of time throughout an eight hour workday.  Accordingly, I recommend remand.

I further note that the Appeals Council erred by alleging that Dr. Bruno's October, 2015 opinion "is about a later time" than the ALJ's decision of March 4, 2015.  Dr. Bruno's opinion expressly provides a detailed summary of Mr. Murray's medical records from 2012-2015, and states that the symptoms and related limitations in the opinion applied "as far back as 04/01/2012." (Tr. 29).  The Appeals Council is not required to provide any explanation of its evaluation of new and material evidence, *see Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir. 2011), but in this case it did, and the explanation was incorrect.  Although I am not expressly recommending a sentence six remand in this case, as this case is remanded on the other grounds detailed above, I recommend that the ALJ consider Dr. Bruno's reports and any other new and material evidence in assessing Mr. Murray's ability to work during the relevant time frame.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 13);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 12);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 12, 2017                                         /s/
                                                                        Stephanie A. Gallagher
                                                                        United States Magistrate Judge